# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| ATLANTIC BULK CARRIER CORPORATION,  )<br>  )<br>   *Plaintiff*,  )<br>  )<br>v.  )<br>  )<br>AIG SPECIALTY INSURANCE  )<br>COMPANY  )<br>  )<br>SERVE: Clerk of the State Corporation  )<br>        Commission  )<br>        1300 East Main Street  )<br>        Tyler Building, 1st floor  )<br>        Richmond, Virginia 23219  )<br>   *Defendant*.  ) | Civil Action No.: 3:19-cv-318<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## COMPLAINT

Plaintiff, Atlantic Bulk Carrier Corporation ("ABC"), for its Complaint against Defendant, AIG Specialty Insurance Company ("ASIC"), states as follows:

### I. NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. ABC seeks a determination that ASIC has a duty to defend and indemnify ABC under a contractor's pollution liability insurance policy issued to ABC (the "Policy") with respect to third-party claim ABC tendered coverage for to ASIC (the "Claim"). The Claims involves property damage resulting from "pollution conditions", namely the dispersal of contaminated solid material, caused by ABC's operations as a tank-trucker.

### II. THE PARTIES

2. ABC is incorporated under the laws of the Commonwealth of Virginia and has its principal place of business in the Commonwealth of Virginia. ABC is a tank-truck carrier, hauling both liquid and dry materials along the East Coast.

3. ASIC is incorporated under the laws of the State of Illinois and has its principal place of business in New York, New York.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

2. An actual justiciable controversy between ABC and ASIC exists within the meaning of 28 U.S.C. § 2201 regarding whether ASIC has a duty to defend or indemnify ABC under the Policy with respect to the Claim, as more particularly described below.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the suit is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the subject insurance policy was issued to, and delivered to, Defendant ABC in this judicial district, and the Defendant ABC resides in this judicial district.

### IV. THE UNDERLYING CLAIM

5. On or about August 13, 2018, ABC loaded plastic chip-like material into one of its tanker-trailers for one of its customers in West Union, South Carolina.

6. That same day, ABC proceeded to deliver the material to the consignee located in Seneca, South Carolina.

7. ABC then had the tank-trailer cleaned by a truck wash facility located in Duncan, South Carolina. The tank-trailer, however, was not properly washed and cleaned out, leaving undisclosed amounts of the chip-like material in it.

8. The next day, on or about August 14, 2018, ABC contracted with Speedway Packaging & Distribution Co., Inc. ("Speedway") for transloading service where plastic pellets were transferred from a rail car to the subject tank-trailer. The plastic pellets mixed with the residual plastic-chip like material thereby contaminating the plastic pellets ("Contaminated Material").

9. The Contaminated Material was then delivered to Speedway's facility in Greer, South Carolina, where Speedway proceeded to repackage the Contaminated Material into boxes for sale to its customer, Sealed Air Corporation, located in Simpsonville, South Carolina.

10. Sealed Air then used the Contaminated Material in its operations at its facility in Simpsonville for processing into plastic films and wraps.

11. As a direct result of the Contaminated Material, Sealed Air alleges it has been damaged in the amount of $129,605.49, which includes production of un-saleable product, defective material, transportation and storage costs, and significant down time and ancillary costs associated. Sealed Air has demanded that ABC reimburse it for these losses (hereinafter the "Claim").

## V. THE INSURANCE CONTRACT

12. ASIC issued the contractor's pollution liability insurance policy to ABC with policy number CPO13089050 for the policy period April 1, 2018 to April 1, 2019. A copy of the Policy is attached hereto as Exhibit "A."

19. ABC is listed on the Policy as the named insured.

20. The Policy provides pollution liability limits of insurance of $1 million each loss and $250,000 emergency response costs coverage each loss.

21. The Policy includes definitions found in Section VI.

22. The pollution liability coverage under the Policy, Section I.1.a., provides that ASIC "will pay on behalf of the Insured all sums that the Insured shall become legally obligated to pay as Loss as a result of Claims for Bodily Injury, Property Damage or Environmental Damage resulting from Pollution Conditions caused by Covered Operations."

23. Section VI.M. defines Loss:

    1. With respect to Claims for Bodily Injury or Property Damage,

        a. Monetary awards or settlements or compensatory damages;

        b. where allowable by law, punitive, exemplary, or multiple damages; and

        c. civil fines, penalties, or assessments;

    2. Clean-Up Costs arising from Environmental Damage;

    3. Emergency Response Costs; or

    4. Claim Expenses.

24. Section VI.W. defines Property Damage as:

    1. Physical injury to or destruction of tangible property of parties other than the Insured including the resulting loss of use and diminution of value thereof;

    2. Loss of use, but not diminution in value, of tangible property of parties other than the Insured that has not been physically injured or destroyed; or

    3. Natural Resource Damage.

Property Damage does not include Environmental Damage.

25. Section VI.V. defines Pollution Conditions in part as "the discharge, dispersal, release or escape of any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, medical waste and waste materials into or upon land, or any structure on land, the atmosphere or any watercourse or body of water . . ."

26. Covered Operations "means those activities performed for a third party by or on behalf of the Named Insured at a job site. Covered Operations includes Completed Operations and Transportation."

27. Section VI.E. defines Completed Operations:

Completed Operations means work from Covered Operations that has been completed, including materials, parts or equipment furnished in connection with such work or operations.

Covered Operations will be deemed completed at the earliest of the following times:

1. When all of the work called for in the Insured's contract has been completed;

2. When all of the work to be done at the job site has been completed if the Insured's contract calls for work at more than one job site; or

3. When that part of the work done at a job site has been put to its intended use by any person or organization other than the contractor or sub-contractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

28. Transportation "means the movement of cargo by a Motor Vehicle or watercraft while in due course of transit from the time of movement from its point of origin until its delivery to its final destination, including loading or unloading onto or from the Motor Vehicle or watercraft. Transportation does not include cargo off-loaded from the Motor Vehicle or watercraft, or cargo in or on a Motor Vehicle or watercraft at rest for a period longer than seventy-two (72) hours prior to reaching its final destination."

### IV. DEMAND FOR COVERAGE

29. ABC tendered the Claim to ASIC seeking coverage under the Policy.

30. By letter dated January 11, 2019, ASIC informed ABC that "there is no coverage under the [P]olicy" and declined coverage.

### COUNT I
### DECLARATORY JUDGMENT

31. ABC hereby incorporates and re-alleges the allegations set forth in paragraphs 1-30 as if fully set forth herein.

32. There is a genuine and bona fide dispute and an actual controversy and disagreement between ABC and ASIC regarding whether coverage exists under the Policy for the Claim and whether ASIC has a duty to defend and indemnify ABC against the Claim.

33. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, ABC, in good faith, requests that the Court declare the following:

(a) ASIC is obligated and has a duty under the Policy to provide coverage to ABC for any Loss associated with the Claim, including damages alleged by Sealed Air; and,

(b) ASIC is obligated and has a duty under the Policy to defend and indemnify ABC in connection with the Claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Atlantic Bulk Carrier Corporation prays as follows:

1. For a declaration that AIG Specialty Insurance Company has a duty to provided coverage to ABC for any and all losses associated with the Claim;

2. For a declaration that AIG Specialty Insurance Company has a duty to defend and indemnify ABC with respect to the Claim; and,

3. For such other and further relief this Court may deem just and proper.

DATED this 29th day of April 2019.

                                        Respectfully submitted,

                                        Atlantic Bulk Carrier Corporation

By: \_\_\_\_/s Peter E. Schurig_____
Peter E. Schurig (VSB No. 76106)
Justin A. Thatch (VSB No. 92708)
Setliff Law, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Tel: (804) 377-1260
Fax: (804) 377-1280
pschurig@setlifflaw.com
jthatch@setlifflaw.com
*Counsel for Plaintiff*
*Atlantic Bulk Carrier Corporation*

## CERTIFICATE OF SERVICE

I, Peter E. Schurig, hereby certify that on April 29, 2019, I electronically filed the following:

A. Complaint for Declaratory Judgment; and

B. Civil Cover Sheet;

C. Proposed Summons; and

D. Local Rule 7.1 Financial Disclosure

and I hereby certify that I have caused this document to be served on AIG Specialty Insurance Company at the following address:

> 175 Water Street,
> 18th Floor
> New York, NY
> 10038

DATED this 29th day of April 2019.

SETLIFF LAW, P.C.

By:     /s Peter E. Schurig
    Peter E. Schurig (VSB No. 76106)
    Justin A. Thatch (VSB No. 92708)
    Setliff Law, P.C.
    4940 Dominion Boulevard
    Glen Allen, Virginia 23060
    Tel: (804) 377-1260
    Fax: (804) 377-1280
    pschurig@setlifflaw.com
    jthatch@setlifflaw.com
    *Counsel for Plaintiff*
    *Atlantic Bulk Carrier Corporation*